UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARSHALL SIDELL CREW,

                Petitioner,

    v.

JASON BENNETT,

                Respondent.

CASE NO. 2:24-cv-00984-DGE-GJL

REPORT AND RECOMMENDATION

NOTING DATE: **July 30, 2024**

      The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Marshall Sidell Crew, proceeding *pro se*, initiated this action on July 2, 2024, by filing a Motion to Proceed *In Forma Pauperis* (Dkt. 1), a Proposed federal habeas Petition (Dkt. 1-1), and other Proposed Motions and Requests (Dkts. 1-3, 1-5, 1-6). Upon review, the undersigned recommends the instant action be **DISMISSED without prejudice** as it is duplicative of another federal habeas action currently pending in this Court. It is further recommended the IFP Motion (Dkt. 1) and all other Proposed Motions and Requests (Dkts. 1-3 1-5, 1-6) be **DENIED as moot**.

//

REPORT AND RECOMMENDATION - 1

      Federal courts "retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Calif. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688. Thus, a district court may dismiss an action that is clearly duplicative of a pending, earlier-filed action. *See e.g., Diaz v. Frauenheim*, No. 5:19-cv-01441-PA (GJS), 2020 WL 730849, at *3 (C.D. Cal. Feb. 12, 2020).

      In his Proposed Petition, Petitioner seeks to challenge his state court conviction entered in *State of Washington v. Marshall Sidell Crew*, Superior Court of Washington for Snohomish County Case No. 21-1-00576-31. Dkt. 1-1 at 1.[1] Less than two months before he initiated this action, however, Petitioner filed a different federal habeas action challenging the same underlying state court conviction. *See Crew v. Bennett*, Case No. 2:24-cv-00709-JNW-DWC (filed May 21, 2024). Currently pending in Petitioner's earlier-filed action is an Order to Show Cause why he should not be required to pay the $5.00 filing fee before proceeding in that action. *Id.* Dkt. 4. The pending Show Cause Order also directs Petitioner to file an amended habeas petition correcting the deficiencies in his initial filings on or before July 15, 2024. *Id.* Therefore, there is ample opportunity in Petitioner's earlier-filed habeas action to bring any additional

---

[1] Although the Proposed Petition is styled as one filed pursuant to 28 U.S.C. § 2241, the sole mechanism for obtaining federal habeas relief by those confined on a state court conviction is a petition filed pursuant to 28 U.S.C. § 2254. *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Thus, the Proposed Petition is construed as one filed under 28 U.S.C. § 2254.

REPORT AND RECOMMENDATION - 2

challenge brought in this subsequent action. On balance, equity supports dismissal of this subsequently filed action.

Accordingly, the undersigned recommends that the instant action be **DISMISSED without prejudice** and that Petitioner's IFP Motion (Dkt. 1) and his other Proposed Motions and Requests (Dkts. 1-3, 1-5, 1-6) be **DENIED as moot**. Finally, a certificate of appealability should be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 30, 2024**, as noted in the caption.

Dated this 12th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3